**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 26-14020-CIV-CANNON/Maynard**

**JOSEPH BROWN,**

Plaintiff,
v.

**EXPERIAN INFORMATION SOLUTIONS, INC.**, and
**DISCOVER BANK,**

Defendants.
______________________________/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND ENFORCING ATTORNEY'S CHARGING LIEN**

**THIS CAUSE** comes before the Court upon Plaintiff's Objection to Charging Lien and Motion to Strike Notice (the "Motion") [ECF No. 42], which challenges the Notice of Attorney's Charging Lien filed by Plaintiff's former counsel, Joseph Kanee [ECF No. 38]. Following referral and an evidentiary hearing [ECF Nos. 45, 73], Magistrate Judge Maynard issued a thorough Report recommending enforcement of the charging lien in the amount of $35,000 and denial of the Motion [ECF No. 82]. Objections to the Report were due on or before **October 8, 2026** [ECF No. 82 p. 13]. Former counsel filed a notice of non-objection [ECF No. 83]. Plaintiff, proceeding *pro se*, filed timely objections [ECF No. 84]. No other party filed objections, and the time to do so has expired.

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews

de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error of fact or law on the face of the record. *Macort*, 208 F. App'x at 784.

Upon de novo review of the record, Plaintiff's objections do not warrant a different result. They largely repeat his contention, made in his earlier Objection to Charging Lien [ECF No. 42], that enforcement of the lien would be unfair because former counsel altered the Retainer Agreement after Plaintiff signed it [ECF No. 84 pp. 1–2]. The Magistrate Judge properly rejected that theory after considering the competing testimony of both Plaintiff and former counsel and weighing Plaintiff's conclusory assertion against the surrounding documentary record, which includes Plaintiff's own pre-signing email acknowledging the fifty-percent fee provision [ECF No. 82 pp. 6–9; *see* ECF Nos. 53, 59, 62, 73]. The objections identify no error in the Magistrate Judge's credibility-laden findings and cite no legal authority; they simply restate Plaintiff's allegations in conclusory terms. *See Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Frivolous, conclusive, or general objections need not be considered by the district court."). And the attached exhibits, which consist largely of Plaintiff's prior filings and correspondence, reveal no error in the comprehensive Report [ECF No. 84-1].

Ultimately, Plaintiff asks the Court to credit his account over that of his former counsel. Yet the Magistrate Judge heard that competing testimony firsthand, and Plaintiff offers no basis to disturb the Report's well-supported credibility findings. Although the Court reviews the objected-to portions of the Report de novo, it need not rehear the testimony to do so and may rely on the Magistrate Judge's credibility determinations. *See United States v. Raddatz*, 447 U.S. 667, 676

(1980) (holding that, by requiring a de novo "determination" rather than a de novo hearing, Congress "intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations"). That reliance is well founded here. "Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002); *see also United States v. Chirino-Lovera*, No. 23-13262, 2026 WL 3023569, at *8 (11th Cir. Oct. 8, 2026) (reiterating the "highly deferential test" for credibility findings and observing that "it is unusual for a credibility determination to fail" it). Nor does Plaintiff's general complaint that former counsel's attorney received more "leeway" at the hearing [ECF No. 84 p. 4] identify any ruling that was erroneous or that prejudiced him.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 82] is **ACCEPTED**.
2. Plaintiff's Objections to the Report and Recommendation [ECF No. 84] are **OVERRULED**.
3. Plaintiff's Objection to Charging Lien and Motion to Strike Notice [ECF No. 42] is **DENIED**.
4. Former counsel's Notice of Attorney's Charging Lien [ECF No. 38] is **ENFORCED** in the amount of $35,000 against Plaintiff's settlement proceeds in this action.
5. The charging lien has priority over the settlement proceeds deposited into the Court's registry [ECF Nos. 81, 87]. The Clerk of Court is **AUTHORIZED** to disburse from the registry to Marcus & Zelman, LLC the lesser of $35,000 or the

total amount on deposit, in satisfaction of the lien, with any remaining proceeds disbursed to Plaintiff, subject to any other lawful claims or orders of the Court.

**ORDERED** in Chambers at Fort Pierce, Florida, this 30th day of October 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record